UNITED STATES of America, Appellant,

v.

Nora A. MYERS, Appellee.

UNITED STATES of America, Appellant,

v.

Nora A. MYERS, Executrix of the Estate of Chester Myers, Appellee.

Nos. 17531, 17532.

United States Court of Appeals Eighth Circuit.

May 13, 1964.

John C. Eldridge, Atty., Civil Division, Dept. of Justice, Washington, D. C., made argument for appellant and filed brief with John W. Douglas, Asst. Atty. Gen., Washington, D. C., Morton Hollander, Washington, D. C., and F. Russell Millin, U. S. Atty., Kansas City, Mo.

L. Stanley Braton, of Hensley, Rahm & Braton, Warrensburg, Mo., made argument for appellees and filed brief.

Before VAN OOSTERHOUT, RIDGE and MEHAFFY, Circuit Judges.

PER CURIAM.

In these Federal Tort Claims Act (28 U.S.C.A. §§ 1346(b), 2671 et seq.) cases, the Government stipulated: that a soldier, traveling under temporary travel authority and not deviating therefrom, while driving his own automobile on a highway in the State of Colorado, was negligent in causing injury and damage to the appellees. In the light thereof, these parties conceded that the only issue bearing on the Government's liability for the damage sustained by the appellees, is whether the soldier was acting within the scope of his employment at the time of the above accident. The District Court, applying the law of the State of Colorado, resolved that singular issue against the Government's contention, in Myers v. United States, 219 F.Supp. 71 (D.C.W.D.Mo.1963). That single issue is all that is presented to us in these appeals.

We have carefully examined the record and duly considered the briefs and contentions of these parties as to the applicable law, federal, as well as that of the State of Colorado, which they concede to be controlling; and which we deem is all that is worthy of our consideration in these appeals. Such law was also considered by District Judge Becker, and applied to the stipulated facts here to be considered, in the course of his memorandum opinion, supra. "That opinion and the briefs of the parties have convinced us that the judgment(s) appealed from (represent), at the very least, a permissible conclusion with respect to a doubtful question of

[Colorado] law, which this Court will not reverse." State Securities Company, etc. v. Federated Mutual Implement and Hardware Insurance Company, etc., 308 F.2d 452 (8 Cir. 1962), and cases there cited. See also, Village of Brooten v. Cudahy Packing Company, 291 F.2d 284, 301 (8 Cir. 1960).

The judgments appealed from are affirmed.