Bonnie J. BISSELL et al., Appellants,

v.

Edmond J. McELLIGOTT, etc., et al.,
Appellees.

Sylvia Lynn GAMPHER et al., Appellants,

v.

Edmond J. McELLIGOTT, etc., et al.,
Appellees.

Nos. 18330, 18332.

United States Court of Appeals
Eighth Circuit.

Dec. 6, 1966.

Alan B. Slayton, of Reese, Constance & Slayton, Independence, Mo., and Tom B. Kretsinger, of Kretsinger, Kretsinger & Edell, Kansas City, Mo., for appellants and filed printed brief.

Jack H. Weiner, Atty., Dept. of Justice, Washington, D. C., for appellee United States; John W. Douglas, Asst. Atty. Gen., Dept. of Justice, and David L. Rose, Atty., Dept. of Justice, Washington, D. C., and F. Russell Millin, U. S. Atty., Kansas City, Mo., were with him on the brief.

No argument or brief filed for Edmond J. McElligott, appellee.

Before VAN OOSTERHOUT and GIBSON, Circuit Judges, and NICHOL, District Judge.

VAN OOSTERHOUT, Circuit Judge.

Before us are appeals by the plaintiffs from summary judgment dismissing their consolidated causes of action against the United States under the Federal Tort Claims Act based on wrongful death and damages arising out of alleged negligent operation of his private automobile by Sgt. Tompkins of the Air Force while traveling on travel time from a temporary base back to his permanent station. The trial court held that Missouri law of respondeat superior is controlling and that under the facts of this case the Government is not liable to the claimants under the Missouri law of respondeat superior for any negligent acts of Sgt. Tompkins. The trial court's opinion is reported at D.C., 248 F.Supp. 219. This timely appeal followed.

The parties agreed that the court, pursuant to Rule 42(b), should separately try and determine the issue of the scope of Sgt. Tompkins' employment upon the basis of the record made by affidavits, stipulations and exhibits. All parties were afforded a full opportunity to produce any desired evidence upon this issue. The propriety of deciding this issue by summary judgment is not questioned.

Under 28 U.S.C.A. § 1346(b), the United States is liable for injuries caused by the negligent act of an employee if caused by the employee "while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Section 2674 of 28 U.S.C.A. provides:

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, * * * *"

Among the definitions included in 28 U.S.C.A. § 2671 is the following:

" 'Acting within the scope of his office or employment,' in the case of a member of the military or naval forces of the United States, means acting in line of duty."

■ The words "line of duty" in the statute just quoted go no further than to invoke the state law of respondeat superior with respect to tort claims arising out of alleged wrongful acts of military personnel. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761; Myers v. United States, W.D.Mo., 219 F.Supp. 71, 77, aff'd 8 Cir., 331 F.2d 591; McCall v. United States, 9 Cir., 338 F.2d 589, 592; Merritt v. United States, 1 Cir., 332 F.2d 397, 398; Chapin v. United States, 9 Cir., 258 F.2d 465, 468; United States v. Eleazer, 4 Cir., 177 F. 2d 914, 918.

■ The unique over-all control which the military service has over its members does not expand the legal doctrine of respondeat superior beyond scope of employment as applied in the appli-

118

cable state law for determining the liability of a private employer. In Myers v. United States, Judge Becker properly states the applicable law as follows:

"In the case of a member of the military or naval force of the United States, the use of the phrase 'in line of duty' in Section 2671 does not expand the legal doctrine of *respondeat superior* beyond 'the scope of his office or employment' as applied in the applicable state law for determining the liability of a private employer." 219 F. Supp. 71, 77.

In United States v. Campbell, 5 Cir., 172 F.2d 500, 503, which involves a federal torts claim based upon the act of a member of the naval forces, the court states:

"The whole structure and content of the Federal Torts Claims Act makes it crystal clear that in enacting it and thus subjecting the Government to suit in tort, the Congress was undertaking with the greatest precision to measure and limit the liability of the Government, under the doctrine of respondeat superior, in the same manner and to the same extent as the liability of private persons under that doctrine were measured and limited in the various states."

To like effect, see McCall v. United States, supra; Chapin v. United States, supra; United States v. Eleazer, supra.

■ Thus, the trial court properly determined that the issue of liability in this case is governed by the Missouri law of respondeat superior applicable to private employers.

Judge Oliver, who tried this case, determined that under the Missouri law of respondeat superior an employer is liable for a negligent act of his servant only if " 'the right of the employer to control the physical acts or movements of the employee *at the very moment of the occurrence,*' is established as a necessary element of plaintiff's cause of action." Riggs v. Higgins, en banc, 341 Mo. 1, 106 S.W.2d 1; Reiling v. Missouri Ins. Co., 236 Mo.App. 164, 153 S.W.2d 79; other

Missouri cases and respectable authorities cited and discussed in the reported opinion support such determination. We are of the view that Judge Oliver has satisfactorily demonstrated in his reported opinion that he has properly interpreted Missouri law.

■ At the very least, the able and experienced trial judge has reached a permissible conclusion with respect to the law of his state. See Indemnity Ins. Co. of North America v. Pioneer Valley Savings Bank, 8 Cir., 343 F.2d 634, 644; Homolla v. Gluck, 8 Cir., 248 F.2d 731, 733–734.

■ When the law as above stated is applied to the facts in this case, we hold that the court properly determined that Sgt. Tompkins was not acting within the scope of his employment under the Missouri law of respondeat superior at the moment of the accident. The basic facts are undisputed and fairly stated in the trial court's opinion. At the time of the accident, Sgt. Tompkins was traveling in his own private automobile on travel time from a temporary station to his permanent station. He had been sent to the temporary base for schooling and was directed to return to his permanent base at a specified time. He was not required to hurry as leave time above travel time was provided in his orders. The manner in which he was to make the trip was entirely up to Sgt. Tompkins. He could travel by air, train, bus, private automobile or in any other manner. If he used his private automobile, he was allowed 5¢ per mile for the direct route, about the equivalent of public transportation. Under the regulations, if he had used his automobile for the convenience of the Government, he would be allowed 7¢ per mile. Sgt. Tompkins was given no direction as to the route to be traveled or the manner in which he was to drive. The court, among other things, found as follows:

"The hearing also reflected the absence of any dispute about the fact 'that Sergeant Tompkins had complete freedom to select the sort of transpor-

tation that he was to utilize to get back from Sheppard Air Base to his permanent station at Chanute Air Force Base'. * * * Pages 17 to 19 of the transcript reflect the further fact that 'plaintiffs concede that no specific instructions were given Sergeant Tompkins as to how he was to drive the car or what route he was to take'." 248 F.Supp. 219, 221–222.

There is nothing in the record to indicate that any benefit accrued to the Government by Sgt. Tompkins' use of his own car to make the trip or that the Government in any way attempted to exercise or reserve any control over Sgt. Tompkins' use of his automobile in event he elected to use the automobile for the trip. In our view, Judge Oliver has very satisfactorily demonstrated by the law and facts as stated in his opinion that Sgt. Tompkins was not acting within the scope of his employment under the Missouri law of respondeat superior at the time the collision occurred.

■ Other issues raised by the claimants have been considered and found to be without merit. It is urged that soldiers operating their automobiles are subject to the provisions of the Uniform Code of Military Justice proscribing reckless or drunken driving. This may be true but the provisions of the Code apply to all military personnel, whether on active duty or on leave. Obviously, a soldier on leave driving an automobile purely for his own enjoyment would not be brought within the Tort Claims Act by reason of the Code of Military Justice provisions. As previously pointed out, the unique control which the Government maintains over a soldier has little if any bearing upon determining whether his activity is within the scope of his employment.

■ Claimants also argue that the scope of employment is an issue of fact for the fact finder to be determined upon the basis of all the evidence, including permissible inferences from various established facts. Here the court determined as a fact on the basis of the record

as a whole that Sgt. Tompkins was not acting within the scope of his employment at the moment of the collision. Such finding is supported by substantial evidence and is not clearly erroneous.

The judgment dismissing plaintiffs' causes of action against the United States is affirmed.