**Roselyn ROBBINS, et al., Plaintiffs,**

**v.**

**UNITED STATES of America, et al., Defendants.**

No. 81–1566C(B).

United States District Court, E.D. Missouri, E.D.

Nov. 23, 1982.

James Hullverson, St. Louis, Mo., for plaintiffs.

Joseph H. Mueller, William W. Evans, Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

REGAN, District Judge.

Plaintiff Roselyn Robbins was seriously injured as the result of being struck by a motor vehicle involved in a collision or series of interrelated collisions in Montgomery County, Missouri, on November 9, 1979. By this suit she and her husband seek to recover the substantial damages flowing therefrom. Defendants are the United States of America, McLean Trucking Com-

pany, and Ronald A. Golden. Jurisdiction as to the United States is based on the Federal Tort Claims Act, plaintiffs having admittedly exhausted their administrative remedies.

The claim against the United States is premised on the allegation that Major Marvin R. Loper, Jr., whose alleged negligence contributed to cause the casualty, was at the time of the occurrence acting in the line of his duty (i.e., in the course and scope of his employment) as a member of the United States Air Force. Inasmuch as our jurisdiction of the entire case is dependent on the resolution of the agency issue, a separate trial of that issue was ordered on motion of the United States. That trial has been had before the Court and is now for decision.

Major Loper (now deceased) was a pilot in the United States Air Force. He had been a commissioned officer for fifteen years. At the time here in question he was stationed at Offutt Air Force Base in Belleview, Nebraska. On May 19, 1979, a routine "Request and Authorization for TDY (Temporary Duty) Travel" was issued whereby Major Loper was ordered to attend a training course at Lambert Field, St. Louis, Missouri, and at Scott Air Force Base, Illinois, pursuant to his agreement to incur an additional two year commitment for service in return for such training. The approximate number of days (including travel time) was stated in said TDY to be 21 days. Major Loper was directed to arrive at Lambert not earlier than May 20 or later than May 21. He arrived on May 21, 1979. Inasmuch as his actual departure date was May 15, two of the intervening days were charged against his annual leave.

The travel order directed that Major Loper return to his "permanent" duty station at Offutt Air Force Base one day after completing his training course at Scott Air Force Base. The course was completed shortly after noon on June 9, 1979. Major Loper then packed his clothes and other personal possessions and immediately departed. After making a brief stopover at Lambert Field to drop off a passenger, he continued his trip to Nebraska on Highway I–70 to the place of the accident in Missouri. According to his deposition testimony, the collision occurred at about 4 P.M. on June 9, 1979 in a driving rainstorm.

Major Loper was operating a 1975 Chevrolet four-door pick-up truck which he owned. Unquestionably, the mode and time of his travel was entirely within his sole discretion subject only to the requirement that he timely arrive at his destination. Although his use of a private vehicle was "authorized" by the Government, such use was not directed. As witness Tubbs put it, he could have gone commercial, by auto, by hitchhiking, or by any other way he chose.

The collision having occurred in Missouri, the substantive law of this state applicable to the doctrine of *respondeat superior* is determinative of the issue. See *Williams v. United States,* 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955). The problem is complicated by the lack of state precedents involving military situations, because sole jurisdiction of such cases is vested in the federal courts. Nevertheless, at least insofar as Missouri is concerned, the general agency principles governing *respondeat superior* have long been established. See e.g., *Riggs v. Higgins,* 341 Mo. 1, 106 S.W.2d 1 (Mo. banc, 1937) and *Reiling v. Missouri Inc. Co.,* 236 Mo.App. 164, 153 S.W.2d 79 (1941), and it is these principles by which we are bound.

In our judgment, the Missouri law of *respondeat superior* precludes recovery against the Government based on the alleged negligence of Major Loper. As the Court of Appeals for the Eighth Circuit in *United States v. Farmer,* 400 F.2d 107, 111 (1968) has fairly summarized the Missouri rule (distinguishing it from that of Iowa where Farmer was injured): "(T)he Missouri courts have made it abundantly clear that unless the wrongful acts of the servant are done in respect to the very transaction out of which the injury arose the master is not liable. That is, the master cannot be held liable unless 'the right of the employer to control the physical acts or movements of the employee *at the very moment of occur-*

rence' is established as a necessary element of the cause of action." See *Bissell v. McElligott,* 248 F.Supp. 219 (W.D.Mo.1965) aff'd 369 F.2d 115 (8 Cir.1966) for a fuller exposition of the applicable Missouri law. That a more "liberal view" of scope of employment is espoused in some other states (e.g. Colorado, see *Myers v. United States,* 219 F.Supp. 71 (1962) aff'd 331 F.2d 591 (8th Cir.1964)) is irrelevant.

We agree with Judge Oliver's interpretation of the Missouri law. Here, as in *Bissell,* Major Loper "had complete freedom to select the sort of transportation that he was to utilize to get back" from Scott Air Force Base to his permanent station at Offutt Air Force Base. The Government neither controlled nor reserved the right to control the manner in which he was to drive his truck or the route he was to take. Nor is this case to be distinguished from *Bissell* by reason of the fact that on his return trip Sergeant Thompkins had made two stops to visit his wife and mother-in-law, inasmuch as the collision occurred thereafter. Judge Oliver expressly decided *Bissell* on the premise that at the time of the occurrence Sergeant Thompkins was not on leave but that he was on the fourth day of allowed travel time. So, too, Major Loper was on travel status at the time of the collision. Applying Missouri law to the facts in evidence, we hold that at the time of the collision Major Loper was not acting in the course of his employment.

We find no merit to plaintiffs' contention that the Missouri cases relied on by Judge Oliver in *Bissell* no longer state the law pertaining to scope of employment. Cases involving the construction of the Workmen's Compensation Law e.g. *Corp v. Joplin Cement Co.,* 337 S.W.2d 252 (Mo. banc 1960) and *Gingell v. Walters Contracting Corp.,* 303 S.W.2d 683 (Mo.App.1957) have nothing to do with the rule of *respondeat superior* in suits by third parties. The *Corp* case (337 S.W.2d at 255) stressed the rule that the Workmen's Compensation Act should be liberally construed to effectuate its purposes. And both cases involved the application of the dual purpose doctrine. As stressed in *Corp,* the injured employee undertook the trip, in part, for the purpose of transporting building materials to his employer's job site at the direction of his superior. We note that *Riggs v. Higgins,* supra, 106 S.W.2d at 5, took note of the distinction between that case and cases involving "the construction of the special provisions of the Workmen's Compensation Act."

The other two cases cited by plaintiffs are equally without application. Thus, *Massey v. Berlo Vending Co.,* 329 S.W.2d 772 (Mo.1959) arose out of a collision in *Illinois.* The Court cited the decision of the Court of Appeals for the Eighth Circuit in a companion case that "the applicable substantive law is that of Illinois." The case had nothing to do with the Missouri law of *respondeat superior.* The other case (*Foster v. Campbell,* 355 Mo. 349, 196 S.W.2d 147 (1946) (which in any event could not change the law as announced by the Court en banc in *Riggs*) was decided under the dual purpose doctrine, that is, that one purpose of the trip was to purchase and convey to the "master's" business a barrel of fifty-five gallons of gasoline at the "master's" direction for use in the business. Major Loper had no Government materiel in his truck and was under no orders to transport any Government property.

The foregoing Memorandum Opinion constitutes our findings of fact and conclusions of law. It follows from our determination that Major Loper was not acting in the course and scope of his employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law" of Missouri, that plaintiffs are not entitled to recover against the United States. With the case in this posture, we have no pendent jurisdiction against the remaining defendants, one of whom is a citizen of Missouri as are plaintiffs.

Accordingly, an order will be entered herein dismissing with prejudice plaintiffs' action as against the United States of America and dismissing without prejudice for lack of jurisdiction their action as against the other defendants. Plaintiffs

will be free to prosecute their pending suit in the state court against the defendants therein.