Roselyn **ROBBINS** and Jeffrey
Robbins, Appellants,

v.

**UNITED STATES of America, Appellee.**

No. 83–1030.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 16, 1983.

Decided Dec. 1, 1983.

As Amended on Denial of Rehearing
Feb. 9, 1984.

Hullverson, Hullverson & Frank, Inc. by James E. Hullverson, Sr., and Stephen H. Ringkamp, St. Louis, Mo., for appellants.

Thomas E. Dittmeier, U.S. Atty., Bruce D. White, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

ARNOLD, Circuit Judge.

This case arose out of a motor vehicle collision on Interstate 70 in Montgomery County, Missouri, in which Roselyn Robbins was severely injured. Robbins and her husband[1] sued the United States under the Federal Tort Claims Act,[2] alleging that Marvin R. Loper, a Major in the United States Air Force, was acting within the scope of his employment when he negligently caused the collision. The District Court, 553 F.Supp. 598, held a trial limited to the issue of scope of employment[3] and dismissed the action[4] after concluding that, under Missouri law as interpreted in *Bissell v. McElligott,* 248 F.Supp. 219 (W.D.Mo. 1965), *aff'd,* 369 F.2d 115 (8th Cir.1966), *cert. denied,* 387 U.S. 917, 87 S.Ct. 2029, 18 L.Ed.2d 969 (1967), Major Loper was not acting within the scope of his employment at the time of the accident. Since we believe that *Bissell* differs from this case in two important respects, we reverse.

The facts are not in dispute. Major Loper, whose permanent duty station was at Offutt Air Force Base near Omaha, Nebraska, was on temporary duty for training at Lambert Field, St. Louis, and Scott Air Force Base, Illinois. Pursuant to his travel orders, Major Loper reported to Lambert Field on May 20, 1979, completed his training there on June 1, proceeded directly to Scott Air Force Base for further training, and left there on June 9 to return to Offutt

---

1. Robbins's husband brought a claim for loss of consortium.

2. 28 U.S.C. §§ 1346(b), 2671, 2674, 2679(b) (1976 & Supp. V 1981).

3. The District Court assumed without deciding, as do we, that Major Loper negligently caused

the plaintiffs' injuries. This issue will be determined on remand.

4. The plaintiffs' actions against the other defendants who were involved in the collision were dismissed without prejudice for want of jurisdiction, leaving the plaintiffs free to prosecute these claims in state court.

Air Force Base, where he was required to report by June 10. On his way back to Nebraska by the most direct route available, Major Loper was involved in the collision that gave rise to this lawsuit.

Major Loper drove his own private pick-up truck for the journey, which was authorized, although not directed, by his travel orders. At the time of the accident, he was on active duty and in uniform. He was reimbursed for his travel expenses and was paid a per diem allowance for every day that he travelled, except for two days en route from Offutt Air Force Base to Lambert Field, which were charged against his leave time.

*Bissell v. McElligott, supra,* appears, at first glance, very similar to the instant case. Sergeant Tompkins, a member of the United States Air Force, was ordered to go from his permanent station at Chanute Air Force Base, Rantoul, Illinois, to Sheppard Air Force Base, Texas, for temporary duty for training. Like Major Loper, he was permitted, but not required, to use his personal car on the journey. Sergeant Tompkins had four days' authorized travel time. He left Chanute on May 17 and arrived at Sheppard, as ordered, on May 21. After completing his training course, Sergeant Tompkins left Sheppard on June 22. He drove to Topeka, Kansas, and spent about 12 hours with his wife. Then he drove to Kansas City, Missouri, and visited his mother-in-law for about 1 and ½ hours. About 45 minutes after leaving Kansas City, Sergeant Tompkins was involved in a collision with Bissell, the plaintiff.

Sergeant Tompkins, like Major Loper, was not on leave at the time of the accident, and he received a travel allowance for his journey. Major Loper, however, received a per diem allowance for the day of the accident. So far as the record in *Bissell* shows, Sergeant Tompkins did not.

The District Court in *Bissell* correctly recognized that it must apply Missouri law, the situs of the accident, in determining whether Sergeant Tompkins was acting within the scope of his employment at the time of the collision. In deciding what the law of

Missouri was, the court noted that, among the states, there were two schools of thought. Quoting Chief Judge Murrah in *United States v. Mraz,* 255 F.2d 115, 117 (10th Cir.1958), the District Court said,

> There is doubtless a philosophical divergence ... in the theory that a master is not liable for the wrongful acts of his servant, unless done in respect *to the very transaction out of which the injury arose,* and the theory that a master is liable for his servant's negligent acts if done while engaged in the master's business and did not arise from some external, independent and personal motive on his part.

248 F.Supp. at 222 (District Court's emphasis). Relying primarily on *Riggs v. Higgins,* 341 Mo. 1, 106 S.W.2d 1 (1937) (en banc), and *Reiling v. Missouri Ins. Co.,* 236 Mo. App. 164, 153 S.W.2d 79 (1941), the District Court concluded that Missouri followed the former theory identified by Chief Judge Murrah. Under these cases, an employer could not be held liable unless he had reserved the right " 'to control the physical acts or movements of the employee *at the very moment of the occurrence.'* " 248 F.Supp. at 222 (quoting *Reiling, supra,* 236 Mo.App. at 174, 153 S.W.2d at 83) (District Court's emphasis). Since the United States did not direct Sergeant Tompkins to drive his car to Texas and back, and since " 'no specific instructions were given [him] as to how he was to drive the car or what route he was to take,' " 248 F.Supp. at 221–22 (quoting transcript), the District Court concluded that the United States was not responsible for Sergeant Tompkins's acts. This Court affirmed.

Assuming that *Bissell* correctly states current Missouri law, a question we need not decide in this case, we believe that there is a crucial difference between it and the instant case. This Court, in affirming *Bissell,* noted that Sergeant Tompkins "was not required to hurry as leave time above travel time was provided in his orders." 369 F.2d at 118. Here, in contrast, Major Loper *was* required to hurry; his orders required him to report back to Offutt Air

Force Base one day after completing his training at Scott Air Force Base, Plaintiff's Exh. 1, a distance of over 450 miles, Plaintiff's Exh. 2; Tubbs Deposition at 18. Chief Judge Murrah, writing in *Mraz, supra,* pointed out the importance of this distinction. After identifying the two schools of thought with regard to scope of employment in the passage quoted by the District Court in *Bissell* and set out above, he went on to say,

> But even so, we think there is a demonstrable difference between the relationship of an army officer traveling from one permanent base to another at government expense, with leave en route, and one without leave whose travel is expressly "deemed necessary in the military service." In the former instance, the officer's only duty is to report at a certain place at a certain time; while in the latter, his time belongs to the government and is measured out to him.

255 F.2d at 117. We agree. To put it another way, the government *did* reserve the right to control Major Loper's physical acts or movements in driving his car; by allowing him only one day in which to travel between Scott and Offutt Air Force Bases, it impliedly instructed him to take the most direct route. Moreover, the fact that Major Loper received a per diem allowance for the day of the accident indicates that the government believed that he was on government business during that day of travel. Accordingly, we hold that, under Missouri law, Major Loper was acting within the scope of his employment at the time of the collision.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.