**Betty Fuller FARMER, Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

Civ. No. 6–1800–C–1.

United States District Court
S. D. Iowa,
Central Division.

Dec. 7, 1966.

Ralph R. Randall, and Bruce B. Graves, Des Moines, Iowa, for plaintiff.

D. M. Statton, U. S. Atty., for defendant.

MEMORANDUM

STEPHENSON, Chief Judge.

This cause was originally filed in the District Court of the State of Iowa, in and for Polk County. Betty Fuller Farmer, plaintiff, sought damages against Edward Ralph Bettin, defendant, for injuries arising out of an automobile collision on August 21, 1964, wherein it was claimed defendant was negligent in

the operation of his automobile. Said cause was then removed to this court upon petition for removal wherein it was certified that the named defendant, Edward Ralph Bettin, "was acting within the scope of his office as active duty member of the United States Army of the United States Government", and the United States of America was substituted as defendant pursuant to the provisions of Title 28 U.S.C. § 2679. Subsequently the government filed motion to remand to the state court for the reason that new and additional evidence was made available by the United States Army which the government claims shows that said "Edward Ralph Bettin was * * * outside the scope of his federal employment within the contemplation of the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671." The aforementioned certification was accordingly withdrawn. Plaintiff filed resistance to the motion to remand.

The issue now to be determined is whether Edward Ralph Bettin was acting within the scope of his employment as an employee of the United States when the accident occurred. The facts have been stipulated. Bettin, a member of the Army National Guard of Iowa and the Army National Guard of the United States, was ordered to federal active duty training for a six months' period commencing April 8, 1964, at Fort Leonard Wood, Missouri. Upon completion of this training orders were issued relieving Private Bettin from active duty training effective August 22, 1964. In accordance with current army regulations, Bettin was permitted to leave Fort Leonard Wood on August 21, 1964, so as to permit him to travel to his home by private conveyance so as to reach there on August 22. In other words, he was allowed one day's travel time to reach home. Private Bettin actually signed out of his company area at 12:30 p. m. on August 21 and started home in his own automobile about an hour later. The accident occurred at about 9:15 p. m., the same date, while Private Bettin was en route to his home near Storm Lake, Iowa.

It is the government's position that Bettin was not within the scope of his employment as a soldier after he signed out of his company area for the reason that the government "did not know or care where he was going or what he was going to do." Plaintiff, to the contrary, contends that Bettin was acting within the scope of his employment as an employee of the United States and the motion to remand should therefore be denied.

The determination of whether a particular act is within the scope of employment of a soldier is made under applicable law of the state where the accident occurred. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955). Thus it is the Iowa law that must be applied. It should also be noted that "acting in line of duty" is not necessarily synonymous with "acting within the scope of his office or employment." 28 U.S.C. § 2671. "Acting in line of duty" has a different meaning in connection with benefit claims of military personnel against the government. Acting in line of duty for purposes of the Federal Tort Claims Act means acting within the scope of employment under the applicable state law of respondeat superior. Merritt v. United States, 332 F.2d 397 (1st Cir. 1964); United States v. Eleazer, 177 F.2d 914 (4th Cir. 1949); United States v. Campbell, 172 F.2d 500, 503 (5th Cir. 1949). The United States is to be treated as any other private employer under the law of the state where the act or omission occurred.

The controversy at hand arises from the government's assertion that the army did not have any control over Bettin's activities, that the army did not know or care where he was going or what he was going to do. Plaintiff, for response, contends that under Iowa law it is not necessary to establish the actual exercise of control by the master but only the master's right to exercise such control. The Iowa case of Heintz v. Iowa Packing Co., 222 Iowa 517, 268 N.W.

607 (1936) supports plaintiff's contention in this respect. In 222 Iowa at pages 532–533, 268 N.W. at page 616 the Supreme Court of Iowa said:

> We believe the better rule is that where the employer has control over the employee, the fact that the employee uses his own automobile is wholly immaterial if that automobile is being used when the employee is in the course of his employment. In other words, the control of the man behind the wheel is the same as the control of the wheel, for that car will go wherever the man directs it, and the man will direct it wherever the appellant company that has control over him orders him to go.

Thus in the case at hand the mere fact that the army permitted Bettin to use his own automobile does not alter its responsibility. Under the orders issued and army regulations then in force, Bettin was authorized to travel by private auto to his home and granted a travel allowance based on the mileage thereto. He was also permitted to leave his active duty station one day in advance of his official discharge from duty so as to give him sufficient travel time to reach home. He was clearly in a travel status. See, United States v. Mraz, 255 F.2d 115, (10th Cir. 1958); United States v. Culp, 346 F.2d 35, (5th Cir. 1965). This is not a so-called "going to and coming from work" case. See, Hinson v. United States, 257 F.2d 178 (5th Cir. 1958); Annot., 52 A.L.R.2d 287 (1957). Private Bettin was returning to home station. The mere fact that he might have chosen to embark on a lark of his own does not change the government's responsibility. Here the soldier performed as directed. He was carrying out the government's purpose of returning him to home station.

In summary the factors indicating Private Bettin was serving the interests and the business of the United States are as follows: (1) He was returning to his home station after complying with orders to attend a six-month federal active duty training period. (2) He was authorized to travel by private conveyance. (3) He was given a travel allowance for the mileage involved. (4) He was still on active duty having been granted travel time to return home. (5) He was clearly in a travel status. (6) He was subject to military discipline until his tour of duty expired.

It is the view of the Court that under the Iowa law Private Bettin was acting within the scope of his employment as a soldier. See, Heintz v. Iowa Packing Company, supra; See also, Cooner v. United States, 276 F.2d 220 (4th Cir. 1960); Faix, Althea Williams Revisited: "Line of Duty" cases—Need for Reconsideration. 26 Fed.B.J. 12 (1966).