Anna M. **WALSH**, as Administrator of the Estate of Thomas J. Walsh, Deceased, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 93–2501.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1994.

Decided Aug. 8, 1994.

---

Claus H. Bunz, Manning, IA, argued (Claus H. Bunz, Manning, IA, and Jeffrey R. Minnich, Carroll, IA, on the brief), for appellant.

Lawrence Donald Kudej, Cedar Rapids, IA, argued, for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and NANGLE,* Senior District Judge.

McMILLIAN, Circuit Judge.

Anna M. Walsh (plaintiff), administrator of the estate of Thomas J. Walsh, appeals from a final order entered in the United States District Court[1] for the Northern District of Iowa granting summary judgment in favor of the United States of America (government). *Walsh v. United States,* No. C92–3015, 1993 WL 729629 (N.D.Iowa Apr. 15, 1993) (order). Plaintiff brought this action in federal district court pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.,* seeking damages resulting from a fatal car accident involving her son, Thomas Walsh, and Sergeant Leo Gerard Koster, who was traveling to an Iowa National Guard

---

* The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri.

1. The Honorable Donald E. O'Brien, Senior United States District Judge for the Northern District of Iowa.

training session when the accident occurred. For reversal, plaintiff argues that the district court erred in holding that Koster was not acting within the scope of his employment with the National Guard when the accident occurred and therefore the government could not be held liable under the FTCA. For the reasons discussed below, we affirm the order of the district court.

## I. Background

The accident occurred at approximately 7:30 a.m. on August 4, 1990, on Highway 30 in Carroll County, Iowa. Walsh was driving to his place of work in Ames, Iowa. Koster was driving from his home in Ames, Iowa, to a two-day Iowa National Guard training session in Denison, Iowa, scheduled to begin at 8:00 a.m. Each was driving his own vehicle. Walsh died as a result of the accident. Koster survived but sustained injuries.

On November 18, 1991, more than a year later, plaintiff submitted a claim, on Standard Form 95, to the Iowa National Guard and the Office of the Adjutant General, at the Iowa National Guard Headquarters, for property damage, personal injury, and wrongful death, in the amount of $1,334,447.95. The Department of the Army denied her claim on January 22, 1992.

Plaintiff then brought this action in federal district court under the FTCA. The government moved for summary judgment seeking dismissal on grounds that Koster was not acting within the scope of his employment with the National Guard at the time of the accident, and thus the FTCA does not apply. The district court granted the government's motion. The district court reasoned that, in order for Koster to have been acting within the scope of his employment at the time of the accident, as required under 28 U.S.C. § 1346(b),[2] he would have had to have been

acting "in line of duty." *Id.* § 2671.[3] The district court noted that the term, "in line of duty," is defined by applicable state law of respondeat superior. *Piper v. United States,* 887 F.2d 861, 863 (8th Cir.1989) (citing *Williams v. United States,* 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955) (per curiam)); *Farmer v. United States,* 261 F.Supp. 750, 751 (S.D.Iowa 1966) (*Farmer*), aff'd, 400 F.2d 107 (8th Cir.1968). The district court then considered Iowa's law of respondeat superior, as stated in *Jones v. Blair,* 387 N.W.2d 349, 355 (Iowa 1986) (*Jones* ), and concluded that, under *Jones,* Koster was not acting within the scope of his employment with the National Guard when the accident occurred; the government therefore could not be held liable under the FTCA. Slip op. at 14. Plaintiff appealed.

## II. Discussion

 We review a grant of summary judgment de novo. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c), *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In the present case, the material facts are not genuinely disputed. The district court disposed of the case based upon a legal determination of whether, in light of the undisputed facts, Koster was acting "within the scope of his employment" with the National Guard at the time of the accident. Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Crain v. Board*

---

2. 28 U.S.C. § 1346(b) provides in pertinent part: the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the

claimant in accordance with the law of the place where the act or omission occurred.

3. 28 U.S.C. § 2671 provides in pertinent part:

"Acting within the scope of his office or employment", in the case of a member of the military or naval forces of the United States or a member of the National Guard as defined in section 101(3) of title 32, means acting in line of duty.

*of Police Comm'rs,* 920 F.2d 1402, 1405–06 (8th Cir.1990).

Plaintiff argues that the district court erred in its application of 28 U.S.C. § 2671, which provides that, in the case of a member of the National Guard, acting "within the scope of employment" for FTCA purposes means acting "in line of duty." Plaintiff urges this court to rely upon the finding by the Army National Guard Personnel Center that Koster was acting "in the line of duty" at the time of the accident for purposes of Koster's entitlement to certain benefits to reimburse losses arising out of the accident. However, the district court held, and we agree, that this finding, made for purposes of determining Koster's right to receive benefits, is not relevant to a determination of whether Koster was acting "in line of duty" for purposes of ascertaining plaintiff's right to recover tort damages from the government under the FTCA. *See Farmer,* 261 F.Supp. at 751 (the term "acting in line of duty" has a different meaning in connection with benefit claims of military personnel against the government from the meaning used for FTCA purposes, which is based upon a "scope of employment" determination under applicable state law of respondeat superior).

Plaintiff also argues that the district court should have interpreted "in line of duty" according to the definition of "*on* duty" in Iowa Code Ann. § 29A.1(9) (emphasis added) (West Supp.1994):

> "[o]n duty" means unit training assemblies, all other training, and service which may be required under state or federal law, regulations, or orders, *and the necessary travel of an officer or enlisted person to the place of performance and return home after performance of that duty,* but does not include federal service under 10 U.S.C.[4]

In support of the contention that Iowa Code § 29A.1(9) is relevant to the FTCA "line of duty" issue, plaintiff maintains that (1) nothing in Iowa law prohibits the use of statutory law in defining "in line of duty" under the FTCA, (2) Iowa Code § 29A.1(9) is "applicable State law of respondeat superior," rather than *Jones,* and (3) Iowa Code § 29A.1(9) is persuasive authority that travel to and from work is within the "direction" and "control" of the employer under *Jones.* Plaintiff also notes that a separate Iowa Code provision states generally that the Iowa statutes should be liberally construed to promote their objectives and serve the ends of justice.

The district court declined to apply Iowa Code § 29A.1(9) as the applicable state law of respondeat superior. The district court noted that to do so would be inconsistent with the FTCA's provision that "[t]he United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The district court reasoned that relying upon Iowa Code § 29A.1(9), as urged by plaintiff, would expose the government to greater liability than a private individual under like circumstances. We agree.[5]

In *Jones,* the Iowa Supreme Court held that an employee acts within the scope of employment when the employer (1) has the right to direct the means and manner of doing work and (2) has the right of control over the employee. 387 N.W.2d at 355. The Iowa Supreme Court also commented in *Jones* that an employee generally is not acting within the scope of employment when driving to or from work. *Id.* Under the holding in *Jones,* therefore, a private employer would not be liable under the facts of the present case because Koster was traveling to National Guard training and, at that time, the government did not have the right to direct the means and manner of Koster's travel or to control Koster. *Id.* at 355–56

---

4. Formerly Iowa Code Ann. § 29A.1(7). Pursuant to a revision of § 29A.1 in 1990, the numbering of this provision changed, but the language remained the same.

5. Moreover, the government argues, and we agree, that the definition of "on duty" in Iowa Code § 29A.1(9) is provided for purposes of de-

termining whether a National Guard member is entitled to certain benefits for his or her own injury or death while "on duty," *see, e.g.,* Iowa Code § 29A.27, not for purposes of determining the government's liability to third parties under the FTCA.

(despite employee's receipt of travel reimbursement, employee was not acting within scope of employment while returning home from job site following completion of work).

Plaintiff also urges us to follow our decision on appeal in *Farmer*, 400 F.2d 107, which interpreted Iowa case law preceding *Jones*. In *Farmer*, the government was sued under the FTCA following a car accident involving the plaintiff and an active duty member of the Army National Guard. The Guard member had just completed six months of training at Fort Leonard Wood, Missouri. He was traveling in his own car under orders to report within twenty-four hours of departure to his home station at Storm Lake, Iowa, and return all items of clothing which had been issued to him. He was given a travel allowance for mileage and was still on active duty in a travel status. The district court held, and this court affirmed, that the government was liable under the FTCA for the Guard member's negligence. 400 F.2d at 110–12. This court relied on pre-*Jones* Iowa cases which held that an employee acts within the scope of his or her employment, under the law of respondeat superior, when the acts are "done by the servant in furtherance [of the master's business], and [are] such as may fairly be said to have been authorized by [the employer]." *Id.* at 110 (quoting *Seybold v. Eisle*, 154 Iowa 128, 134 N.W. 578, 581 (1912)). We agree with the district court's decision to follow *Jones*, rather than *Farmer*, because *Jones* represents Iowa's law of respondeat superior at the time the accident occurred. By contrast, *Farmer* interpreted older case law setting forth a different standard. We cannot say with any certainty that the outcome in *Farmer* would have been the same had *Jones* been decided prior to *Farmer*. Moreover, *Farmer* is factually distinguishable from the present case because, among other things, the Guard member in *Farmer* was on active duty in a travel status at the time his accident occurred. 400 F.2d at 110. We therefore decline to apply *Farmer* to the present case.

■ Finally, plaintiff maintains that, even if the district court correctly relied on *Jones* as setting forth the controlling state law of respondeat superior, the district court nevertheless erred in applying the holding in *Jones* to the facts of the present case. Plaintiff argues that the National Guard did have the right to direct the means and manner of Koster's travel to the National Guard training when the accident occurred, and did have the right to exercise control over him at that time, regardless of whether or not the National Guard actually exercised such direction and control. As evidence that such rights existed, plaintiff highlights, among other things, that (1) Koster was subject to the provisions of the Iowa Code of Military Justice, (2) he was entitled to federal pay allowances and other state and federal benefits, (3) in order to qualify for federal benefits, he was required to take the most direct route to the training site and was, in fact, taking the most direct route, and (4) he was required to show up at the training with a proper haircut and in uniform and was, in fact, in uniform at the time of the accident.

> The district court observed that
>
> [Koster's] employer had reserved no right to direct the means and manner of his travel, and had no right of control over him at the time of the collision. Sgt. Koster was merely "authorized," not ordered, to travel by private vehicle; he received no travel reimbursement; and use of his private vehicle was not a condition of his employment.

Slip op. at 12–13. The district court held, therefore, that the government had no right of control over Koster until he was to report for duty at 8:00 a.m. *Id.* at 13. Additionally, the district court considered this court's statement in *Bissell v. McElligott*, 369 F.2d 115, 117–18 (8th Cir.1966) (*Bissell*) (applying Missouri law of respondeat superior), *cert. denied*, 387 U.S. 917, 87 S.Ct. 2029, 18 L.Ed.2d 969 (1967):

> [t]he unique over-all control which the military service has over its members does not expand the legal doctrine of respondeat superior beyond scope of employment as applied in the applicable state law for determining the liability of a private employer.

*See also Beatty v. United States*, 983 F.2d 908, 909 (8th Cir.1993) (same). The district

court found that the numerous factors highlighted by plaintiff as evidence of the National Guard's right of direction and control over Koster were mere indications of the "unique over-all control which the military service has over its members" and not sufficient to create respondeat superior liability under Iowa state law, in light of Iowa's law of respondeat superior as stated and applied in *Jones.* Slip op. at 13 (citing *Bissell,* 369 F.2d at 117–18). We agree with the district court's legal analysis.

The judgment of the district court is therefore affirmed.