Don F. BERKEY, Plaintiff,

v.

William J. HENDERSON, Postmaster General, United States Postal Service, Defendant.

No. Civ. 4–99–CV–70366.

United States District Court, S.D. Iowa, Central Division.

Nov. 28, 2000.

Thomas A Newkirk, Kuhle Law Office PC, West Des Moines, IA, for Don F Berkey, plaintiff.

Inga Bumbary–Langston, United States Attorney, Des Moines, IA, for Postal Service (U.S.) agent William Henderson, Postmaster General, defendant.

## RULING GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND ORDERS

VIETOR, Senior District Judge.

Plaintiff, Don F. Berkey ("Berkey"), filed a complaint against defendant, the Postmaster General, alleging a violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Berkey claims he was subjected to discrimination and terminated from his employment with the United States Postal Service on the basis of his mental and physical disabilities. Berkey also requests judicial review of the decision of the United States Merit Systems Protection Board ("MSPB") upholding his termination. Defendant moved for summary judgment, asserting that there are no material facts in dispute, and that defendant is entitled to judgment as a matter of law. Berkey filed a resistance, and defendant filed a reply. Neither party requested oral argument. The motion is fully submitted.

## I. FACTUAL BACKGROUND

The following facts relevant to this motion either are not in dispute or are viewed in a light most favorable to the plaintiff. Berkey began working for the United States Postal Service in 1980. He worked as an Automated Mark–Up Clerk in the Computerized Forwarding System ("CFS") Unit until his removal effective October 16, 1997. As a Mark–Up Clerk, Berkey's duties included keying mail,

copying, and preparing mail for dispatch at the end of the day. The Postal Service assigns all Mark–Up Clerks to a regular shift and prescribes their duties for each day, which are outlined on a posted schedule. Berkey's regular work hours were from 7:00 a.m. to 3:30 p.m. At 3:30 p.m., the CFS Unit shuts down and the mail that has been processed or keyed during the day is dispatched to the appropriate post offices for delivery.

Berkey began experiencing problems with attendance in February 1995. He received numerous "official job discussions," "letters of warning," a seven-day suspension, and a fourteen-day suspension for repeated instances of tardiness. He was tardy at least sixty-nine times during a period of one year and seven months. Berkey acknowledges his problem with tardiness, but states that he suffers from disabilities that cause him to be late for work. Beginning in the late 1980s and early 1990s, he developed severe allergies to dust, molds, fungi, and perfumes. He was also diagnosed with various mental disorders, such as adjustment disorder, depression, obsessive compulsive disorder, and mixed personality disorder. According to Dr. Gaylord Nordine, a psychiatrist who treated Berkey, his disabilities cause him to become focused on actions or duties in his home at the time of departure for work, and he cannot offset those attentions so that he can arrive for work on time. In a letter dated June 10, 1997, Berkey notified his employer of his disabilities and his belief that they directly cause his tardiness. He also requested that the Postal Service accommodate his disabilities "by allowing him to make up any time that he is late, at the end of the work day." Plaintiff's Exh. 1. The Postal Service did not respond to the letter.

Despite Berkey's efforts to correct the problem, his tardiness continued. By letter dated August 22, 1997, the Postal Service issued Berkey a Notice of Proposed Removal based on "unacceptable attendance." This notice cited nineteen instances of unscheduled leave which occurred within the nine-month period from November 12, 1996 to August 10, 1997, and included instances of tardiness, "absent without leave," and "emergency annual leave." With the exception of one instance of emergency annual leave, Berkey does not dispute these attendance-related deficiencies. In September 1997, Berkey refused an offer to place the Notice of Proposed Removal in abeyance if he would incur no more than three unscheduled absences within a six-month period. By letter dated October 15, 1997, the Postal Service informed Berkey that his employment would be terminated effective October 16, 1997. Berkey does not dispute that his termination was based on tardiness.

Berkey appealed his termination to the MSPB, alleging disability-based discrimination by the Postal Service. The Postal Service offered Berkey a Last Chance Settlement Agreement, which he did not accept. The MSPB Administrative Law Judge held a hearing, and then on April 30, 1999 upheld the Postal Service's action of terminating Berkey, finding in part that "[t]he absence of employees scheduled to work is inherently related to the efficiency of the service and, therefore, discipline for such absence is for such cause as will promote the efficiency of the service." Defendant's Exh. 3 (Declaration of Marcia Grant) at ¶ 24. Berkey then filed this action.

## II. LEGAL ANALYSIS

### A. Standard of Review

Summary judgment is properly granted when the record, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Walsh v. United States,* 31 F.3d 696, 698 (8th Cir.1994). The moving party must establish its right to judgment with such clarity that there is no room for controversy. *Jewson v. Mayo Clinic,* 691

F.2d 405, 408 (8th Cir.1982). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if the evidence is sufficient to persuade a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. 2505. "As to materiality, the substantive law will identify which facts are material. . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

Although summary judgment should "seldom be used in employment discrimination cases," *Crawford v. Runyon,* 37 F.3d 1338, 1341 (8th Cir.1994) (citations omitted), the plaintiff's evidence "must go beyond the establishment of a prima facie case to support a reasonable inference regarding the alleged illicit reason for the defendant's action." *Hill v. Hamilton County Pub. Hosp.,* 71 F.Supp.2d 936, 942 (N.D.Iowa 1999) (citing *Landon v. Northwest Airlines, Inc.,* 72 F.3d 620, 624 (8th Cir.1995)). The court should not grant summary judgment "unless the evidence could not support any reasonable inference for the nonmovant." *Hill,* 71 F.Supp.2d at 941 (citing *Crawford,* 37 F.3d at 1341); *see also Benson v. Northwest Airlines, Inc.,* 62 F.3d 1108, 1111 (8th Cir.1995) (citation omitted).

### B. Employment Discrimination Claim

■ Berkey claims that he was subjected to discrimination by his employer on the basis of his disability. The Rehabilitation Act of 1973 prohibits discrimination based on disability by entities receiving federal assistance, providing in part: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability . . . be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). To establish a prima facie case under the Rehabilitation Act, a plaintiff must prove that (1) he was an "individual with handicaps"; (2) he was "otherwise qualified"; (3) he worked for a "program or activity" that received federal financial assistance; and (4) he was adversely treated solely because of his handicap. *Demming v. Hous. & Redevelopment Auth., of Duluth, Minn.,* 66 F.3d 950, 954 (8th Cir. 1995) (quoting *Chandler v. City of Dallas,* 2 F.3d 1385, 1389–90 (5th Cir.1993)).

Rehabilitation Act claims follow the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Crawford v. Runyon,* 37 F.3d 1338, 1341 (8th Cir.1994) (citing *McDonnell Douglas Corp.,* 411 U.S. at 802–05, 93 S.Ct. 1817).[1] Under this framework, a plaintiff must first present a prima facie case of disability discrimination. *Crawford,* 37 F.3d at 1341. If the plaintiff establishes a prima facie case, the burden shifts to the employer to rebut the presumption of discrimination by offering "a legitimate, nondiscriminatory reason for its adverse employment action." *Id.* If the employer is able to articulate such a reason, the burden shifts back to the plaintiff to show the employer's proffered reason is pretextual. *Id.*

The first element of Berkey's prima facie case requires him to show that he is disabled. An "individual with a disability" is defined as a person who "(i) has a physical or mental impairment which sub-

---

1. In general, cases interpreting the Rehabilitation Act and the Americans with Disabilities Act ("ADA") are "applicable and interchangeable," *Stern v. Univ. of Osteopathic Med. & Health Sciences,* 220 F.3d 906, 908 (8th Cir. 2000), but an important difference is the Rehabilitation Act's requirement that a person's disability "serve as the sole impetus for a defendant's adverse action against the plaintiff." *Amir v. St. Louis Univ.,* 184 F.3d 1017, 1029 n. 5 (8th Cir.1999) (citations omitted).

stantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment." 29 U.S.C. § 705(20)(B). Berkey claims that he suffers from various mental and physical disabilities, including obsessive compulsive disorder, mixed personality disorder, and allergies to dust, molds, fungi, and perfumes. I assume, without deciding, that Berkey is "disabled" within the meaning of the Rehabilitation Act.

■ The second element of Berkey's prima facie case requires him to demonstrate that he is qualified to perform the essential functions of his job, with or without reasonable accommodation. *Buckles v. First Data Res., Inc.*, 176 F.3d 1098, 1100 (8th Cir.1999). Berkey is unable to establish a prima facie case because he cannot meet this qualification requirement.

Berkey's tardiness problem renders him unable to fulfill the essential function of regular and reliable attendance. The Postal Service requires its employees to be regular in attendance. "[R]egular and reliable attendance is a necessary element of most jobs." *Buckles*, 176 F.3d at 1100–01 (citation omitted). In *Buckles*, the plaintiff suffered from sinusitis and was frequently absent from work. The court held that due to his frequent absences, the plaintiff's evidence that he was qualified to perform the essential functions of the job was insufficient as a matter of law to go to a jury, and therefore he was unable to establish a prima facie case of disability discrimination. *Id.* at 1101–02.

Berkey's record of excessive tardiness is well documented in the record. Berkey does not dispute his tardiness problem or the fact that it is unpredictable. Rather, he argues that the tardiness is caused by his disabilities and should be accommodated by defendant. An affirmative defense to a Rehabilitation Act claim, however, is that a requested accommodation would constitute an undue burden. *See Timothy H. v. Cedar Rapids Cmty. Sch. Dist.*, 178 F.3d 968, 971 (8th Cir.1999) (finding establishment of a special bus route for a disabled student who receives a free public education at her neighborhood school, but whose parents prefer that she attend another school, is an undue burden on the school district) (citations omitted). "Accommodations are not reasonable if they impose 'undue financial and administrative burdens' or if they require a 'fundamental alteration in the nature of [the] program.'" *Id.; see also Buckles*, 176 F.3d at 1101 (stating that "[u]nfettered ability to leave work at any time is certainly not a reasonable accommodation here.").

Berkey's requested accommodation—being able to make up lost time by working over lunch and at the end of the day—is unreasonable because it would constitute an undue burden on the Postal Service. Mark–Up Clerks are assigned specific duties for each day on a rotating basis, and the schedule is posted in advance. It would be unduly burdensome to reassign the duties of other employees to compensate for the unpredictable tardiness of a single employee. In addition, because the CFS Unit shuts down at 3:30 p.m. and dispatches mail to post offices for delivery, Berkey's regular duties apparently end at that time. Berkey argues that allowing him to work past 3:30 p.m. would not cause defendant a loss of production or morale. Defendant only needs to demonstrate, however, an undue financial or administrative burden or a fundamental alteration in the nature of the program. Defendant has made this showing.[2]

---

**2.** Berkey also emphasizes the alleged failure of defendant to engage in an interactive process regarding reasonable accommodations. Assuming arguendo that defendant did not engage in this process, an employer will not be held liable for failing to engage in an interactive process if no reasonable accommodation was possible. *Fjellestad v. Pizza Hut of America, Inc.*, 188 F.3d 944, 952 (8th Cir.1999). There is no per se liability if an employer fails to engage in an interactive process. *Id.*

Even if Berkey can demonstrate that his disabilities caused the tardiness, the conclusion is the same.

> Habitual tardiness and absenteeism are not disabilities that require employer accommodation.... Forcing an employer to accommodate unpredictable tardiness or absenteeism is unreasonable *even if it is a direct result of the employee's disability.* No employer could effectively do business without a reliable work force.

*Palazzolo v. Galen Hosps. of Tex., Inc.,* No. Civ.A.1:96CV2550TWT, 1997 WL 837951, at *4 (N.D.Ga. Nov.25, 1997) (emphasis added).[3]

Other courts have reached similar conclusions with respect to tardiness. *See Id.* at *3 (collecting cases holding as a matter of law that excessive, sporadic, and unpredictable absenteeism or tardiness renders the employee an unqualified individual under the ADA or the Rehabilitation Act); *Aquinas v. Fed. Express Corp.,* 940 F.Supp. 73, 79 (S.D.N.Y.1996) ("In sum, a disabled employee who cannot get to work as often as her employer requires is not 'otherwise qualified' for her job under the ADA, and her employer is not required to make allowances for her absenteeism.") (citations omitted); *Kotlowski v. Eastman Kodak Co.,* 922 F.Supp. 790, 798 (W.D.N.Y.1996) ("The ADA does not require an employer to accommodate an employee who cannot get to work. [Plaintiff's] inability to get to work on time, if at all, made her unqualified to perform the functions of her job.") (citations omitted).

I conclude as a matter of law that because of Berkey's excessive tardiness he is unqualified to perform the essential function of regular and reliable attendance, and Berkey has failed to identify a reasonable accommodation that could compensate for his tardiness. It is therefore unnecessary to reach the remaining elements of Berkey's prima facie case.

### C. Judicial Review of the MSPB Decision

Berkey's second cause of action requests judicial review of the decision of the MSPB Administrative Law Judge upholding his termination. Under 5 U.S.C. § 7703(c), the administrative decision must be affirmed unless it was arbitrary, capricious, an abuse of discretion, procedurally infirm, or not supported by substantial evidence. *Crawford v. Runyon,* 37 F.3d 1338, 1340–41 (8th Cir.1994). From my review of the evidence, I conclude that this standard has not been met, and therefore the decision must be affirmed.

### III. ORDER OF AFFIRMANCE AND DISMISSAL

Defendant's motion for summary judgment is GRANTED. The administrative decision is AFFIRMED. It is ORDERED that plaintiff's complaint be, and it hereby is, DISMISSED with prejudice.

---

**3.** I assume, without deciding, that Berkey's disability is the sole cause of his termination as required by the fourth element of his prima facie case. *See infra* p. 1191 and note 1. In *Teahan v. Metro–North Commuter Railroad Co.,* 951 F.2d 511, 517 (2d Cir.1991), the court held that an employee's discharge for excessive absenteeism caused by substance abuse is termination "solely by reason of" that substance abuse for purposes of the Rehabilitation Act. Whether or not absenteeism is caused by a handicap is a question of fact. *Id. But see Maddox v. Univ. of Tennessee,* 62 F.3d 843, 845–48 (6th Cir.1995) (stating that

employer did not discharge employee solely by reason of his disability of alcoholism when discharge resulted from arrest for driving under the influence of alcohol and public intoxication); *Little v. Federal Bureau of Investigation,* 1 F.3d 255, 259 (4th Cir.1993) (FBI special agent fired because he was intoxicated while on duty, not because of alcoholism); *Taub v. Frank,* 957 F.2d 8, 11 (1st Cir.1992) (postal employee discharged for possessing heroin for distribution, not because of heroin addiction). The Eighth Circuit has not decided this particular issue, and it need not now be decided.