# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2915

_____

| | | |
|---|---|---|
| The Hardesty Company, Inc., an Oklahoma Corporation, | * * * | |
| Appellant, | * * | |
| v. | * * * | Appeal from the United States District Court for the Western District of Arkansas. |
| Perry E. Williams; Norma J. Williams, | * * | |
| Appellees. | * | |

_____

Submitted: April 16, 2004

Filed: May 25, 2004

_____

Before LOKEN, Chief Judge, BYE, Circuit Judge, and MAGNUSON,[1] District Judge.

_____

BYE, Circuit Judge.

This appeal involves The Hardesty Company's (Hardesty) challenge to the district court's[2] grant of summary judgment in favor of Arkansas residents Perry and

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

Norma Williams.  Hardesty contends it has established a breach-of-contract action based on the Williamses' breach of a noncompete agreement.  We affirm.

I

The parties do not dispute the relevant facts.  On May 28, 1996, the Williamses sold their ready-mix concrete business to Hardesty, which also operated another similar facility.  In connection with the parties' Asset Purchase Agreement, on July 19, 1996, the Williamses signed a seven-year agreement not to compete in the concrete business within a certain geographic area (the agreement).

The agreement, which expired by its own terms on July 19, 2003, provided in pertinent part:

> Covenant Not to Compete.  The Covenantors . . . hereby covenant and agree, jointly and severally, that they or any of them, either directly or indirectly, and whether as owner, shareholder, director, officer, agent or employee, or in any other capacity whatsoever, will not during the term hereof compete with the Covenantee, or the Covenantee's successors or assigns, in the business of manufacturing, selling, distributing, transporting or otherwise dealing in concrete or operating ready-mix concrete plants within the Territories . . . .

Noncompetition Agreement at ¶ 3.

Beginning in approximately March 2002, the Williamses leased Oklahoma real estate located within the geographic area described in the noncompete agreement to Tune Concrete (Tune), a competitor of Hardesty which operated a concrete ready-mix plant on said real estate.  This rental arrangement was on a month-to-month basis from March 2002 until approximately April 2003, at which point Tune and the

Williamses entered into a written lease. The lease payments are not contingent upon or related to the income generated by Tune.

Hardesty filed a breach-of-contract action against the Williamses, alleging a breach. The district court granted summary judgment in favor of the Williamses, and this appeal followed.

## II

We review the district court's grant of summary judgment de novo, applying the same standards as the district court. Dulaney v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). Summary judgment is properly granted when the record, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Walsh v. United States, 31 F.3d 696, 698 (8th Cir. 1994).

This is a diversity case, and therefore this court must apply the appropriate state law. The agreement provides disputes shall be governed and enforced by the laws of the states of Oklahoma, Missouri, and Arkansas. Given the straightforward nature of this case and the fact it can be resolved based on the plain language of the agreement, it would be academic to engage in a discussion of conflicts in the specific choice-of-law among these three states, and we decline to do so.

Under Arkansas, Oklahoma, and Missouri law, covenants not to compete are "not looked upon with favor by the law." Federated Mut. Ins. Co. v. Bennett, 818 S.W.2d 596, 597 (Ark. Ct. App. 1991). See also Armstrong v. Cape Girardeau Physician Assocs., 49 S.W.3d 821, 825 (Mo. Ct. App. 2001) ("Generally because covenants not to compete are considered restraints on trade, they are presumptively void and are enforceable only to the extent that they are demonstratively reasonable."); Bayly, Martin & Fay, Inc. v. Pickard, 780 P.2d 1168, 1170 (Okla.

1989) (stating restraints on trade not favored; only statutory exceptions recognized under Oklahoma law). However, some courts have concluded, when a covenant not to compete is given in connection with a sale of a business, "'a large scope for freedom of contract and a correspondingly large restraint of trade' is allowable." Samuel Stores, Inc. v. Abrams, 108 A. 541, 543 (Conn. 1919); see also Centorr-Vacuum Indus., Inc. v. Lavoie, 609 A.2d 1213, 1215 (N.H. 1992).

As to enforceability, the restraint must be reasonable in geographical limitation and duration, must protect a legitimate interest, must be no greater than reasonably necessary to protect the legitimate interest, and should not injure the public's interest. Dawson v. Temps Plus, Inc., 987 S.W.2d 722, 727 (Ark. 1999). Also, a non-competition agreement is a contract, and as such, general principles of contract interpretation apply.

Both parties acknowledge there is in the agreement no express restriction impinging upon the Williamses' ability to lease real property to a competitor of Hardesty. Hardesty argues the general language of the agreement providing that the Williamses will not "either directly or indirectly . . . compete . . . in the business of manufacturing, selling, distributing, transporting or otherwise dealing in concrete or operating ready-mix concrete plants within the Territories" restricts the Williamses from leasing property to a third-party competitor of Hardesty. Hardesty, however, fails to identify any precedent within Arkansas, Missouri, or Oklahoma jurisdictions which would support this reading of the agreement.

Because, on its face, the agreement does not contractually prohibit the Williamses from simply leasing real property to a third-party who is also a competitor of Hardesty, we decline to invoke nonbinding precedent so as to write into the agreement a term which is not there. See Wineteer v. Kite, 397 S.W.2d 752, 759 (Mo. Ct. App. 1965) (holding the act of leasing a building to a person who will

compete with buyers of a business does not amount to a violation of a covenant not to compete).

In reaching this result, we observe no indication the parties to the agreement were unsophisticated.  They were free to bargain and contract as they determined to be in their respective best interests, and Hardesty could have contracted  to acquire the Williamses' leasing rights in the tract in question had it desired to do so.

## III

We affirm the district court's grant of summary judgment.

_____