# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1158

_____

LaVerne I. Johnson; Paul Edwards,   *
                                    *
            Appellants,             *
                                    *   Appeal from the United States
       v.                           *   District Court for the
                                    *   Southern District of Iowa.
Lend Lease Real Estate Investment,  *
                                    *
            Appellee.               *

_____

Submitted: September 29, 2006
Filed: October 31, 2006

_____

Before ARNOLD, BYE, and MELLOY, Circuit Judges.

_____

ARNOLD, Circuit Judge.

LaVerne Johnson and Paul Edwards filed suit against their former employer, Lend Lease Real Estate Investments, Inc., claiming that letters that Lend Lease sent to them upon termination of their employment constituted free-standing ERISA plans under the Employee Retirement Income Security Act of 1974 (ERISA), *see* 29 U.S.C. §§ 1001-1461, and contesting Lend Lease's decision to terminate the benefits provided in the letters. Lend Lease moved for summary judgment, which the district court[1] granted. Messrs. Johnson and Edwards appealed that order. We affirm.

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

## I.

Messrs. Johnson and Edwards were employed by Lend Lease until January, 1995, and June, 2002, respectively. Upon termination of their employment, the plaintiffs both received letters notifying them that Lend Lease would continue their medical, dental, vision, and life insurance benefits through Lend Lease's ERISA welfare plans, and indeed Messrs. Johnson and Edwards continued to receive these benefits post-employment.

In 2004, Lend Lease terminated all operations in the United States and, concurrently, terminated the plan under which Messrs. Johnson and Edwards were receiving benefits. The plan specifically allowed Lend Lease to terminate it at any time under a "reservation of rights" clause contained in the plan documents. Lend Lease notified Messrs. Johnson and Edwards of this termination and explained the transition benefits being offered voluntarily by Lend Lease (namely, paying the cost normally due from employees for their temporary health insurance under the Consolidated Omnibus Budget Reconciliation Act (COBRA), a $10,000 cash payment, continued life insurance eligibility, a help line, and access to consultants to assist participants in obtaining successor coverage). Rather than accepting the transition benefits, which would have required them to release Lend Lease from "any and all claims, promises, actions, causes of action and liabilities of any kind or nature whatsoever" relating to the plan, Messrs. Johnson and Edwards filed the present action.

The district court granted summary judgment to Lend Lease, holding, *inter alia*, that the letters that Messrs. Johnson and Edwards received at the time that they left the company neither constituted separate and distinct ERISA plans nor indicated an intent to provide vested, lifetime benefits. We review *de novo* a district court's grant of summary judgment, and will affirm the grant only when, viewing the facts in a light most favorable to the nonmoving party, no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law, Fed. R. Civ. P. 56(c).

*Walsh v. United States*, 31 F.3d 696, 698 (8th Cir. 1994). The parties here do not genuinely dispute the material facts.

## II.

The only issue before us is whether the letters constitute free-standing ERISA plans, and if so, whether they indicate that the benefits provided in the letters are to be provided for life. "A plan is established for ERISA purposes when a reasonable person can ascertain (1) the intended benefits, (2) the class of beneficiaries, (3) a source of funding, and (4) the procedures for receiving benefits." *Petersen v. E.F. Johnson Co.*, 366 F.3d 676, 678 (8th Cir. 2004).

Messrs. Johnson and Edwards argue that the general references to "medical, dental and life insurance benefits" in the letters sufficiently state the intended benefits for ERISA purposes. But, as Lend Lease relevantly points out in its brief, the "only possible way to determine what benefits either of them might receive was by reference to Lend Lease's existing Plan." Lend Lease also points out additional questions left unanswered by the letters: "What were the deductibles? What were the co-pays? What were the annual or lifetime maximums? What services were covered? Were hospital benefits provided? Private or shared ... hospital rooms? Were prescription drugs reimbursed? Were outpatient services provided? Did the plan reimburse well care?"

The letters, moreover, repeatedly refer to "continued" coverage and at one point describe benefits only as "the same as your current coverage." Both Messrs. Johnson and Edwards were instructed by the letters to complete and return a "Continuation of Insurance Upon Retirement Form." We think that the foregoing makes clear that the only way to determine "the intended benefits" under the letters was by reference to the underlying Lend Lease ERISA plan, and that the letters thus fail to constitute free-standing ERISA plans. Since the letters do not provide the requisite information

regarding "intended benefits" to allow them to qualify as free-standing ERISA plans, we need not address the remaining three requirements outlined in *Petersen*.

Because the letters are not free-standing ERISA plans, and because, as we have already noted, Lend Lease's underlying ERISA plan does not provide for lifetime benefits due to its "reservation of rights" clause, it follows that neither the letters nor the underlying plan provide lifetime benefits to Messrs. Johnson and Edwards.

Affirmed.

_____